# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SHAWNNA GREEN,

          Plaintiff,

v.

TAMPA GENERAL HOSPITAL,

          Defendant.

Case No.  8:26-CV-00126-KKM-AEP

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Florida Health Sciences Center, Inc. d/b/a Tampa General Hospital ("TGH"), by and through its undersigned counsel, hereby files its Answer and Defenses to Plaintiff's Complaint (ECF No. 1) as follows:

## ANSWER

## JURISDICTION AND VENUE

1. Admitted for jurisdictional purposes only; otherwise denied, including that Plaintiff is entitled to any relief for her asserted claims.

2. Admitted in part and denied in part.  Admitted that venue is proper in the Tampa Division of the United States District Court for the Middle District of Florida.  Admitted that Defendant is located within this judicial district and that Plaintiff has alleged she resides in this district. Admitted that the allegations in the

Complaint reference events that allegedly occurred within this district.  Denied that Plaintiff is entitled to any relief for her asserted claims. All other allegations are denied.

3.     Denied.

4.     Admitted in part and denied in part.  Admitted that the EEOC issued a Determination and Notice of Right to Sue on November 28, 2025. Defendant is without knowledge as to when Plaintiff received the Notice of Right to Sue, therefore denied.  All other allegations are denied.

## PARTIES

4.     Admitted in part and denied in part. Admitted only that Plaintiff alleges she resides in Lakeland, Florida, and she was employed by TGH as a Senior Clinical Abstractor in the Labor & Delivery Department.  All other allegations are denied.[1]

5.     Admitted.

## FACTUAL ALLEGATIONS

6.     Admitted in part and denied in part.  Admitted that Plaintiff began working for TGH in or around November 29, 2021 as a Clinical Abstractor in the Labor & Delivery Department.  Defendant is without knowledge as to whether "Plaintiff has over 22 years of experience in healthcare, including prior employment at Lakeland Regional Health" and it is therefore denied.  All other allegations are denied.

---

[1] The Complaint has two Paragraphs numbered "4."  Defendant's Answer tracks the numbers used in the Complaint.

7.    Admitted in part and denied in part.  Admitted in or around June 2025 Plaintiff submitted a request to work remotely in which she claimed to have a diagnosis of spina bifida, scoliosis, cervical stenosis of the spine, and nystagmus.  Whether these conditions constitute a "disability" within the meaning of the Americans with Disabilities Act ("ADA") is a legal conclusion and is therefore denied.  All remaining allegations are denied.

8.    Admitted in part and denied in part.  Admitted that in or around June 30, 2025, when Plaintiff reported for in office work, she used a mobility scooter for certain portions of the day.  Defendant is without knowledge as to whether Plaintiff assembled her scooter in the parking lot and would ride it into the hospital for work and the allegation is therefore denied. Defendant specifically denies that Plaintiff used a mobility scooter when working at TGH's offices prior to June 30, 2025.  All remaining allegations are denied.

9.    Denied.

10.    Denied.

11.    Defendant is without knowledge or information sufficient to either admit or deny the allegations of this paragraph. Therefore, denied.

12.    Admitted in part and denied in part.  Admitted that in or around May 9, 2025, Defendant requested that Plaintiff return to on-site work. Defendant is without knowledge or information sufficient to either admit or deny the remaining allegations of this paragraph. Therefore, denied.

13.    Denied.

14.    Admitted in part and denied in part.  Admitted that Amanda Holbrook informed Plaintiff that accommodation requests should be submitted to Team Member Health and informed her that she should submit a formal accommodation request.  All remaining allegations are denied.

15.    Denied.

16.    Denied.  Specifically, the term "ADA push paddle" is ambiguous. "Defendant's location" is also ambiguous and does not sufficiently describe what part of TGH's location Plaintiff is referring to.  Specifically denied that Plaintiff was unable to access any part of Defendant's facilities.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Admitted in part and denied in part.  Admitted that in or around July 29, 2025, Plaintiff emailed Defendant and stated her intent to file with the EEOC.  All remaining allegations are denied.

27.    Denied.

28. Denied.

29. Admitted in part and denied in part. Admitted that in or around August 13, 2025, Plaintiff was approved for full remote work. All remaining allegations are denied.

30. Denied.

31. Denied.

## COUNT I:
## DISPARATE TREATMENT UNDER THE ADA

32. Defendant restates and incorporates its responses to Paragraphs 1-31 of the Complaint as if fully set forth herein.

33. Defendant is without knowledge or information sufficient to either admit or deny the allegations of this paragraph. Therefore, denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT II:
## FAILURE TO ACCOMMODATE UNDER THE ADA

38. Defendant restates and incorporates its responses to Paragraphs 1-31 of the Complaint as if fully set forth herein.

39. Defendant is without knowledge or information sufficient to either admit or deny the allegations of this paragraph. Therefore, denied.

40. Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

## COUNT III:
## RETALIATION IN VIOLATION OF THE ADA

46.     Defendant restates and incorporates its responses to Paragraphs 1-31 of the Complaint as if fully set forth herein.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

## COUNT IV:
## HOSTILE WORK ENVIORNMENT IN VIOLATION OF THE ADA

51.     Defendant restates and incorporates its responses to Paragraphs 1-31 of the Complaint as if fully set forth herein.

52.     Defendant is without knowledge or information sufficient to either admit or deny the allegations of this paragraph. Therefore, denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.    Denied.

## **PRAYER FOR REIELF**

Denied that Plaintiff is entitled to any relief.

## **ALL ALLEGATIONS OF THE COMPLAINT NOT SPECIFICALLY ADMITTED ARE HEREBY DENIED.**

## **DEMAND FOR JURY TRIAL**

Admitted only that the Complaint asserts a demand for jury trial.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

## **FIRST DEFENSE[2]**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## **SECOND DEFENSE**

Plaintiff failed to exhaust her administrative remedies through the EEOC or FCHR because, among other issues, the allegations in Plaintiff's Complaint exceed the scope of her Charge of Discrimination and could not reasonably be expected to grow out of her Charge of Discrimination.  Plaintiff also did not permit her Charge of Discrimination to be investigated by the EEOC.

---

[2] By setting for the following defensive matters in response to the Complaint, Defendant is not thereby identifying them as "affirmative" defenses or undertaking any burden of pleading or proof not otherwise imposed by applicable law.

### THIRD DEFENSE

Plaintiff did not satisfy the statutory prerequisites for filing suit under the ADA. Specifically, Plaintiff's Right to Sue letter is invalid because it was issued prematurely by the EEOC.

### FOURTH DEFENSE

Each and every decision made by Defendant and its officers, agents, representatives, and employees with respect to Plaintiff was based upon legitimate business reasons.

### FIFTH DEFENSE

Any employment action taken by Defendant and challenged by Plaintiff was based on good faith and legitimate, non-discriminatory, non-retaliatory factors, valid business reasons, and absent discriminatory or retaliatory considerations.

### SIXTH DEFENSE

If Defendant is found to have violated Plaintiff's rights, which Defendant denies, such violation was not done with malice or reckless indifference to the rights of Plaintiff, and therefore any claims for punitive damages are without merit.

### SEVENTH DEFENSE

Defendant has made a good faith effort to prevent discrimination and retaliation including, but not limited to, promulgating policies prohibiting discrimination or retaliation. Therefore, punitive damages are not appropriate.

## EIGHTH DEFENSE

Even if some impermissible motive was a factor in any employment decision concerning Plaintiff made by Defendant, which Defendant expressly denies, the same decision(s) would have been made regarding Plaintiff for lawful business reasons.

## NINTH DEFENSE

Plaintiff is not entitled to aggregate or seek the compounding of her damages under each separate count of the Complaint asserted under the ADA as she seeks damages for the same purported harm arising out of the same facts and circumstances.

## TENTH DEFENSE

Plaintiff's claims of retaliation fail as a matter of law because there is no causal connection between Plaintiff's allegedly protected activity and any actions taken against her.

## ELEVENTH DEFENSE

Plaintiff's claims fail because she was provided a reasonable accommodation and TGH engaged in the interactive process.

## TWELFTH DEFENSE

Plaintiff's claims are barred to the extent that Charging Party did not have a disability under the ADA.

## THIRTEENTH DEFENSE

To the extent that any of Plaintiff's claims relate to persons or matters which were not made the subject of a timely charge of discrimination filed with the EEOC or were not investigated or conciliated by the EEOC, Plaintiff's claims are barred under the ADA.

## FOURTEENTH DEFENSE

Plaintiff's claims under the ADA are barred to the extent Plaintiff was not disabled, perceived as disabled, or had a record of disability, within the meaning of the ADA. Even if Plaintiff was disabled, she was not an otherwise qualified individual with a disability.

## FIFTEENTH DEFENSE

Plaintiff's alleged damages should be reduced to the extent her claimed damages, if any, are the result of her own conduct and/or failure to mitigate.

## SIXTEENTH DEFENSE

Defendant is entitled to its reasonable costs and attorneys' fees for defending the underlying action.

## RESERVATION OF RIGHTS

Defendant reserves the right to plead any additional defenses or affirmative defenses that may be revealed during the course of this litigation.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief in this cause, and respectfully requests that the Court enter a judgment for Defendant, as well as award Defendant is attorney's fees and costs, to the extent permitted by law.

Dated:  April 22, 2026                    Respectfully submitted,

_/s/ Janet Goldberg McEnery_
Janet Goldberg McEnery, Esq.
Florida Bar No. 960380
Charlisa R. Odom, Esq.
Florida Bar No. 301690
CARLTON FIELDS, P.A.
4221 W. Boy Scout Blvd., Suite 1000
Tampa, FL 33607-5780
Phone: (813) 223-7000
Fax: (813) 229-4133
jcmenery@carltonfields.com (primary)
codom@carltonfields.com

_Attorneys for Defendant Florida Health Sciences Center, Inc. d/b/a Tampa General Hospital_

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2026, I filed this document through the CM/ECF system, which will send a notice of electronic filing to all parties.

_/s/ Janet Goldberg McEnery_
Janet Goldberg McEnery, Esq.

11