UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWNNA GREEN,

    Plaintiff,

v.                                    Case No. 8:26-cv-00126-AEP

TAMPA GENERAL HOSPITAL,

    Defendant.

---

## CASE MANAGEMENT AND SCHEDULING ORDER

Pursuant to 28 U.S.C. § 636(c) and Rule 73, Federal Rules of Civil Procedure, the parties consented to proceed before the undersigned (Docs. 26, 28). After consideration of the parties' Case Management Report (Doc. 27), the Court's availability, and the parties' preferences, the Court enters this Case Management and Scheduling Order, the provisions of which will be strictly enforced.

1. The parties are directed to meet the following deadlines:

| | |
|---|---|
| **Deadline for providing initial mandatory disclosures** | **Completed** |
| **Deadline for moving to join a party or amend the pleadings** | **Completed** |
| **Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B)** | |
| **Plaintiff:** | **11/30/2026** |
| **Defendant:** | **12/30/2026** |
| **Rebuttal:** | **01/29/2027** |
| **Deadline for completing discovery and filing any motion to compel discovery** | **02/26/2027** |
| **Deadline for filing any dispositive and *Daubert* motion** | **03/31/2027** |
| **Deadline for participating in mediation** | **02/19/2027** |
| **Date of the final pretrial meeting** | **08/11/2027** |
| **Deadline for filing the joint final pretrial** | **08/18/2027** |

| **statement, any motion in limine, proposed jury instructions, and verdict form** | |
|---|---|
| **Date of the final pretrial conference** | **08/25/2027** |
| **Date of the start of trial** | **09/27/2027** |

2. The parties are further directed to meet the pretrial disclosure requirements and deadlines in Rule 26(a)(3) and to adhere timely to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures, as supplemented herein at paragraph 6. **The parties are advised to review the amendments to the Federal Rules of Civil Procedure regarding discovery, which became effective December 1, 2020.**

3. This case is referred to court-annexed mediation in accordance with the rules governing mediation set forth in Chapter Four of the Local Rules. The parties shall select a Mediator, and counsel for Plaintiff is designated as Lead Counsel to coordinate the scheduling of mediation. The list of certified mediators is available on the Court's website at www.flmd.uscourts.gov under "For Lawyers/Mediation and Settlement." The list is not exclusive, and any certified mediator is permissible. Lead counsel must file a Mediation Notice which (a) identifies **the selected Mediator** and includes address, telephone, and facsimile information; (b) **sets the time, date, and place** for the mediation conference by the above-designated date; and (c) if a Mediator is not on the Middle District of Florida (Tampa Division)'s online list of certified mediators, provide an explanation of the selected Mediator's certification. Unless a party files a motion that establishes good cause to conduct mediation via videoconference and the Court grants the motion, **mediation must be conducted in-person**. If the parties fail to select a Mediator or do not notify the Court of such selection by the above-designated date, the Court may *sua sponte* and without further notice select an individual to serve as Mediator and issue the appointment. The mediation conference may be conducted any time on or before the above-designated date.

4. **Last Date to Mediate**: The parties shall complete the mediation conference on or before the mediation date set forth above. **Neither the Mediator nor the parties have authority to continue the mediation conference beyond this date except on express order of the Court**. In any complex case or case involving multiple parties, the Mediator has the authority to conduct the mediation in a series of sessions and in groups of parties so that mediation is complete by the mediation deadline.

5. The parties shall note that motions to amend any pleading or a motion

for continuance of any pretrial conference, hearing, or trial filed after issuance of this Case Management and Scheduling Order **are disfavored**. *See* Fed. R. Civ. P. 16(b)(4); Local Rule 3.08(a).

6. A **Final Pretrial Conference** will be held before the undersigned in Courtroom 10A, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, on **August 25, 2027, at 10 AM**. The parties are directed to meet the pretrial disclosure requirements and deadlines in Rule 26(a)(3) and to adhere to all requirements in Local Rule 3.06 concerning final pretrial procedures. The parties shall file a **Joint Pretrial Statement** one week before the above-referenced Final Pretrial Conference date. Failure to do so may result in the imposition of sanctions. The parties shall file any **motions** *in limine* 10 days before the Final Pretrial Conference date and any **response to a motion** *in limine* one week before the Pretrial Conference date. Counsel who will act as lead trial counsel in the case and who is vested with full authority to make and solicit disclosure and agreements touching all matters pertaining to the trial must attend the Final Pretrial Conference. Counsel who do not attend the Final Pretrial Conference will not be permitted to participate in the trial.

7. The Court will not address discovery disputes of any kind at trial. Any discovery dispute for which the parties seek judicial resolution must be addressed at or before the Pretrial Conference.  The parties may agree on any matter regarding discovery, but each party assumes the risk of non-compliance by the other unless the issue has been addressed by the Court at the Pretrial Conference.

8. The **jury trial** commencement date in this case is **September 27, 2027**. The jury trial shall occur before the undersigned in Courtroom 10A, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. The parties anticipate that the trial is expected to take approximately **three (3) days** to try.

9. **SUMMARY JUDGMENT PROCEDURES**: The following procedures shall be followed by the parties:

    (a) A party's claims or defenses for which summary judgment is sought shall be presented in a single motion and incorporated memorandum of law which, absent prior permission of the Court, shall **not exceed twenty-five (25) pages** total. Multiple motions for summary judgment will not be permitted. A violation of any of these directives will result in the Court *sua sponte* striking a party's motion for summary judgment and

incorporated memorandum of law without notice. Any record citations should be to the page and line of the filed materials.

(b) Prior to filing a motion for summary judgment, the moving party shall confer in good faith with the party or parties against whom summary judgment is sought for the purpose of narrowing the factual issues in dispute. A party, by **separate filing** submitted contemporaneously with the motion for summary judgment and incorporated memorandum of law, shall certify that such a conference has taken place and that the parties were or were not able to agree on a narrowing of the factual issues in dispute. The moving party shall file a separate "Joint Statement of Undisputed Facts" (not exceeding 20 pages in length), agreed upon by all parties and with citations to the record, which shall accompany the motion for summary judgment.

(c) Any party opposing a summary judgment motion shall file a memorandum of law in opposition no later than the time allotted pursuant to Local Rule 3.01(c). To the extent that the party opposing a motion for summary judgment disputes any facts asserted in the motion, the opposing party must include those disputed facts, with citations to the record, in the memorandum responding to the motion for summary judgment. All material facts set forth by the moving party shall be deemed admitted unless controverted by the opposing party in the response to the motion for summary judgment.

(d) Failure to respond to a motion for summary judgment shall be deemed that the non-moving party does not oppose the motion and may result in final judgment being entered without a trial or other proceeding.

(e) Oral argument or hearings will be held if deemed necessary by the Court.

(f) A violation of any of these directives will result in the Court *sua sponte* striking a party's motion for summary judgment or response without notice.

10. **For jury trials**, not later than **ten (10) days** prior to the trial date, the parties shall file the following:

(a) **Proposed Jury Instructions**: The parties must confer about the jury instructions and submit to the Court: (1) all instructions that are undisputed; (2) instructions proposed by the plaintiff but not acceptable to the defense; and (3) instructions proposed by the defense but not acceptable to the plaintiff. A complete set of all written Proposed Jury Instructions shall bear a cover sheet with the complete style of the case and appropriate heading

designating the submitting party; there shall be no more than one instruction per page and contain, at the end of each such instruction, citation of authorities; the instructions shall be sequentially numbered and party-identified (*e.g.*, Plaintiff's Requested Instruction No. 1). Counsel must email proposed jury instructions and verdict forms in Microsoft Word format (.doc or .docx) to the chambers inbox at Chambers_FLMD_Porcelli@flmd.uscourts.gov and include the case number and case name in the subject line;

(b)   A concise (one paragraph preferably) **joint** statement of the nature of the action to be used in providing a basic explanation of the case to the jury venire;

(c)   **Proposed Verdict Form**; and

(d)   **Proposed Questions for *Voir Dire***: The Court conducts the initial *voir dire* examination, and the parties should submit all proposed questions by the deadline set forth above. Counsel may submit additional follow-up questions after the Court examines the jury venire, but counsel will ordinarily not be permitted to examine potential jurors.

11.   **For jury trials**, each party **must** file a **Trial Brief** no later than **ten (10) days** prior to the trial date.  The Trial Brief should include citations of authorities and arguments specifically addressing all disputed issues of law likely to arise at trial.

12.   **For bench trials**, not later than **ten (10) days** prior to the trial date, each party shall file a **Trial Brief** containing **Proposed Findings of Fact and Conclusions of Law** along with citations of authorities and arguments specifically addressing all disputed issues of law likely to arise at trial. Each proposed finding of fact shall be separately stated in numbered paragraphs and shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form. Each proposed conclusion of law shall contain a full exposition of the legal theories relied upon by counsel. After the conclusion of a bench trial, the Court may allow the parties to file additional proposed findings of fact and conclusions of law. The proposed findings of fact and conclusions of law must be emailed to the chambers inbox in Microsoft Word format (.doc or .docx).

13.   No later than **three (3) days** prior to the trial date, each party shall provide to the Court a disc or flash drive containing the party's trial exhibits and saved with a file name that easily identifies the party and exhibit number. For example, a proper file name would be "Plaintiff Ex. 1," "Defendant

Ex. 1," or "Smith Ex. 1."  The parties may contact the Courtroom Deputy to coordinate delivery of the disc or flash drive.

14. The parties should review the notices and use the exhibit lists and tags attached hereto.

15. **SETTLEMENTS**: Lead counsel (*i.e.*, Plaintiff's counsel, as designated above) shall **immediately** notify Chambers or the Courtroom Deputy if the case has settled.  *See* Local Rule 3.09.  Notices of settlement must be in writing. Failure to notify the Court of a settlement before noon on the Friday before the trial date may result in the parties being assessed costs for the jury venire reporting.

DONE AND ORDERED in Tampa, Florida, on this 17th day of June 2026.


ANTHONY E. PORCELLI
United States Magistrate Judge


cc:    Counsel of Record

**UNITED STATES DISTRICT COURT**
**Middle District of Florida**
Office of the Clerk
United States Courthouse
Tampa, Florida 33602

## NOTICE TO COUNSEL

## INSTRUCTIONS REGARDING THE PRE-MARKING OF EXHIBITS

  Local Rule 3.07 requires each party to obtain from the Clerk, in advance of trial, tabs or labels for pre-marking and identification of each exhibit proposed to be offered in evidence, or otherwise tendered to any witness during trial.  To assist you in this regard, copies of Court-approved Exhibit Lists and Exhibit Tags are attached for your use.  The case number and style should be appropriately inserted on these forms which may then be reproduced on your office copier in such quantities as required.

  Prior to pre-marking exhibits, counsel should select the appropriate "party specific" tag from the attachments.  These tags are designed to assist counsel and the Court in controlling and managing exhibits throughout the trial.

  Counsel should consecutively number each exhibit tag and staple the exhibit tag to the upper right corner of each exhibit.  Thereafter, counsel should prepare the Exhibit List and provide a description of each consecutively numbered exhibit and sub-exhibit sufficient to identify it throughout trial.

  Composite exhibits should be identified by using the main exhibit's sequential number and an alphabetical suffix to identify the composite portions of the exhibit, *e.g.*, if the main exhibit is number 20 and there are two sub-parts to the exhibit, the main exhibit should be numbered 20/A, the first sub-part numbered 20/B, and final sub-part numbered 20/C.

  Local Rule 3.07(b) requires counsel to furnish copies of the Exhibit List to all other counsel at the commencement of trial.

**UNITED STATES DISTRICT COURT**
**Middle District of Florida**
Office of the Clerk
United States Courthouse
Tampa, Florida 33602

## NOTICE TO COUNSEL REGARDING EXHIBITS AND EXHIBIT SUBSTITUTES

**Requirement to Offer Exhibit Substitutes:** Local Rule 5.04, as amended effective April 1, 1991, requires counsel to offer photographs with sensitive exhibits (*i.e.* weapons, drugs, currency) and with exhibits other than documents. The Rule further requires counsel to offer 8 1/2" by 11" reductions along with documentary exhibits larger than 8 1/2" by 14." Unless otherwise ordered by the Court, if an appeal is filed, the clerk will send these photographs and reductions as substitutes for original exhibits in the record on appeal to the United States Court of Appeals for the Eleventh Circuit.

**Custody of Exhibits and Substitutes:** In connection with civil cases, Local Rule 3.06 requires counsel to examine proposed exhibits and exhibit substitutes at a meeting prior to pretrial conference and to include objections to use of specific exhibits and substitutes in the pretrial statement. At trial and evidentiary hearings in civil and criminal cases, the clerk will accept the exhibit substitutes along with the exhibits at the time counsel offers them, unless the Court otherwise directs on its own initiative or upon objection. The clerk will mark accepted substitutes as such. Unless the Court orders otherwise, at the time of jury verdict or final order, if the clerk has custody of exhibit substitutes, the clerk will return the corresponding original exhibits to counsel. The clerk will return original sensitive exhibits to counsel earlier in the proceedings. If no appeal is filed, or upon the filing of the mandate, the clerk will notify counsel by postcard to pick up any exhibits and substitutes then in the clerk's custody within thirty days. Exhibits and substitutes not picked up will be destroyed.

**Pre-Marking of Exhibits and Substitutes and Preparation of Exhibit Lists:** Local Rule 3.07 requires counsel to obtain exhibit tabs or labels in advance of trial and, when reasonable, in advance of an evidentiary hearing, from the clerk, from an outside source in the format utilized by the clerk, or in a format approved by the presiding judge. The Rule also requires counsel to prepare a list of exhibits. Copies of court-approved Exhibit Lists and Labels are attached for counsel's use. To prepare Exhibit Labels, list the case number and style on the appropriate "party specific" labels and copy the labels as needed. Consecutively number the labels and staple (or affix) the labels to the upper righthand corner of exhibits and exhibit substitutes. Identify an exhibit substitute with the same number used to identify the corresponding exhibit. To complete the Exhibit List, fill in the general information required on the first page of the form and, for each exhibit, list the exhibit number, the witness, and a description of the exhibit. Make enough copies of the list to furnish copies to all counsel and three copies to the clerk at the commencement of trial or evidentiary hearing. Identify a composite exhibit with one exhibit number and different letters on each portion of the composite (*e.g.* 20/A, 20/B, 20/C).

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Plaintiff(s),**
**Government**                  _____

_____

v.                                                        **Case No:** _____

                                                           _____    **Evidentiary**
                                                                       **Trial**
                                                           _____    **Other**
                                                           _____

**Defendant(s),**   _____

| EXHIBIT LIST | | | | |
|---|---|---|---|---|
| **Exhibit No.** | **Date Identified** | **Date Admitted** | **Witness** | **Description** |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**Case Number:** _____**Page** _____ **of** _____ **Pages**

| EXHIBIT LIST -- CONTINUATION SHEET | | | | |
|---|---|---|---|---|
| **Exhibit No.** | **Date Identified** | **Date Admitted** | **Witness** | **Description** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**U.S. District Court**
**Middle District of Florida**
**PLAINTIFF'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

v.

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**PLAINTIFF'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

v.

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**PLAINTIFF'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

v.

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**PLAINTIFF'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

v.

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**PLAINTIFF'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

v.

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**PLAINTIFF'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

v.

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**PLAINTIFF'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

v.

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**PLAINTIFF'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

v.

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**PLAINTIFF'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

v.

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**DEFENDANT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

---

**U.S. District Court**
**Middle District of Florida**
**DEFENDANT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

---

**U.S. District Court**
**Middle District of Florida**
**DEFENDANT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

---

**U.S. District Court**
**Middle District of Florida**
**DEFENDANT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

---

**U.S. District Court**
**Middle District of Florida**
**DEFENDANT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

---

**U.S. District Court**
**Middle District of Florida**
**DEFENDANT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

---

**U.S. District Court**
**Middle District of Florida**
**DEFENDANT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

---

**U.S. District Court**
**Middle District of Florida**
**DEFENDANT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

---

**U.S. District Court**
**Middle District of Florida**
**DEFENDANT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**GOVERNMENT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**GOVERNMENT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**GOVERNMENT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**GOVERNMENT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**GOVERNMENT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**GOVERNMENT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**GOVERNMENT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**GOVERNMENT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**GOVERNMENT'S EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**JOINT EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**JOINT EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**JOINT EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**JOINT EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**JOINT EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**JOINT EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**JOINT EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**JOINT EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**

**U.S. District Court**
**Middle District of Florida**
**JOINT EXHIBIT**

**Exhibit Number:**

**Case Number:**

**v.**

**Date Identified:**

**Date Admitted:**